**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

JOSE A. TEJEDA,

        Petitioner,

  v.                                                                Case No. 08-CV-237

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On April 26, 2005, a grand jury sitting in this district returned a single count indictment charging Jose Tejeda with drug related offenses in violation of 21 U.S.C. § 841. On September 12, 2005, Tejeda pled guilty to the single count indictment, and on February 3, 2006, this court sentenced Tejeda to a term of 120 months of imprisonment followed by an eight year term of supervised release. The court also imposed a fine of $1,500.00 and ordered Tejeda to pay a special assessment in the amount of $100.00. Tejeda appealed to the Seventh Circuit Court of Appeals, and his sentence and terms of supervised release were affirmed. *United States v. Tejeda*, 476 F.3d 471 (7th Cir. 2007).

On March 17, 2008, Tejeda filed a petition under 28 U.S.C. § 2255 to vacate, set-aside, or correct the current sentence he is serving. Tejeda accompanied his petition with a motion to proceed *in forma pauperis* in his § 2255 action. Generally, a litigant must pay a filing fee for an action in federal court. However, for a § 2255 proceeding, a petitioner is not required to submit the filing fee because such a

petition is not viewed as an independent action, it is viewed as a "continuation of the criminal case whose judgment is under attack."  See 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes.  Accordingly, Tejeda's motion to proceed *in forma pauperis* will be denied as moot.

Pursuant to Rule 4 of the Rules Governing § 2255 proceedings, the court must screen Tejeda's petition to determine if he states a claim upon which § 2255 relief could be granted.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . . .

Rule 4, Rules Governing § 2255 Proceedings.

Relief under § 2255 is appropriate if a petitioner can show that there are errors in his conviction or sentence that are "jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). If a petitioner does not raise an argument on direct appeal, he cannot first present the issue on collateral review "absent a showing of cause 'for the failure to advance the argument sooner and some showing of actual prejudice resulting from the alleged constitutional violation."' *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes,* 433 U.S. 72, 84 (1977)).

-2-
Case 2:08-cv-00237-JPS   Filed 04/30/08   Page 2 of 10   Document 4

Tejeda seeks relief on several grounds. He argues that he suffered ineffective assistance of counsel in violation of his Sixth Amendment rights and that his sentence violated his due process protections. Specifically, he argues that his trial attorney was ineffective for: (1) failing to properly investigate his case; (2) failing to secure expert testimony to challenge the quantity and substance of the drugs; (3) failing to challenge the government's case; and (4) failing to appropriately set forth the sentencing factors under 18 U.S.C. § 3553(a) during Tejeda's sentencing hearing. He also argues that his appellate counsel erred for failing to challenge the quantity and type of drugs. Finally, Tejeda argues that the 120-month statutory minimum mandatory sentence imposed by the court violated his due process rights because the government did not establish that he was responsible for 500 grams of cocaine and that the prior conviction used to establish his exposure to this mandatory minimum sentence was not proven beyond a reasonable doubt.

## I. Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims may be raised in a § 2255 petition even if a defendant did not raise these claims on appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). However, a petitioner bears a substantial burden of demonstrating: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that he was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). The court's review is "highly deferential" to the attorney, "with the underlying

assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

Tejeda's first three challenges primarily relate to arguments that his trial attorney failed to adequately investigate the facts of his case. The court finds that the record does not support Tejeda's claim that his trial attorney's performance fell below an objective standard of reasonableness. Tejeda is unable to demonstrate that his trial attorney failed to properly investigate his case, failed to secure expert testimony to challenge the quantity and substance of the drugs, or that he failed to challenge the government's case. The court makes these determinations on the basis of the recitals contained in Tejeda's plea agreement and the transcript of his change of plea hearing. In Tejeda's written plea agreement and plea colloquy, he stated before the court that he agreed with the government's factual predicate for the offense. (*See* Tejeda Plea Agreement, Docket #18, 05-CR-119.) He not only acknowledged that he was guilty of the crime, but he also agreed that the offense involved more than 500 grams of cocaine and he further agreed that "the government possesses sufficient, admissible evidence" to meet its burden of proof to establish the statutory maximum penalty. (*See id.*) Indeed, a review of the court's plea colloquy with Tejeda undermines his claim that his attorney did not fully explain and investigate his case with him.

> THE COURT: Do you believe you've had an adequate opportunity to discuss this charge with Mr. Pruhs together with any defenses that you might have to it?

-4-

| | |
|---|---|
| TEJEDA: | Yes. |
| THE COURT: | Are you fully satisfied with the advice and counsel that Mr. Pruhs has afforded you in conjunction with this matter? |
| TEJEDA: | Yes. |
| THE COURT: | Is there anything that you have requested of Mr. Pruhs in conjunction with his representation of you in this matter that for one reason or another he's been unable to accommodate you on? |
| TEJEDA: | Not to this point, I don't have nothing. |

(September 12, 2005 Change of Plea Tr. 8-10.)

Furthermore, it is also clear that Tejeda understood the factual basis of the government's case and acknowledged that it was true and correct. When the court asked Tejeda if "there are any facts presented to the court in [the plea agreement] that he disagrees with or takes exception to," Tejeda responded, "[n]o, Your Honor, everything is fine." (*See* Tr. 19.)  Finally, it is equally important to note the court's plea colloquy demonstrates that Tejeda had thoughtfully considered the case and voluntarily pled guilty. When asked, "Do you consider your desire to enter a plea of guilty to the offense charged in the single-count indictment to be the product of a free and voluntary act on your part together with the advice of Mr. Pruhs?", Tejeda responded, "yes, voluntarily." (Tr. 10.) Against the backdrop of Tejeda's signed plea agreement and his sworn statements at the Rule 11 hearing, the court does not find that Tejeda's trial attorney failed to properly conduct an investigation or challenges to the drug weights.  "Courts take the plea process seriously and hold defendants

to their representations." *Hugi v. United States,* 164 F.3d 378, 381 (7th Cir.1999). Indeed, Tejeda acknowledged his own guilt, the facts the government was prepared to establish at trial, and all of the essential elements of his crimes; based upon these facts, his trial attorney would have had no grounds to do the things that Tejeda now suggests his counsel failed to perform.

Moreover, for the purposes of adjudicating Tejeda's claims, it is important to note that although Tejeda's calculated advisory guideline range was 70-87 months, he was subjected to a statutory minimum mandatory penalty of 120 months. Tejeda argues that his trial attorney failed to conduct a proper investigation into the drugs and government's case, but with the mandatory minimum sentence, Tejeda would be unable to prove the "prejudice" prong of the *Strickland* standard because it is unlikely any challenges to the weight would produce a different result. *See Strickland,* 466 U.S. at 689.

Tejeda's arguments that he suffered ineffective assistance of counsel during his sentencing hearing are similarly unavailing. To establish ineffective assistance of counsel at a sentencing hearing, Tejeda must demonstrate that his attorney "performed in a deficient manner at the hearing, and then prove 'that but for his counsel's unprofessional error, there is a reasonable probability that the results [of his sentencing hearing] would have been different.'" *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005) (quoting *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003)). Tejeda's argument that his attorney failed to address the factors set forth in 18 U.S.C. § 3553(a) are without merit and in opposition to the underlying

record.  Despite the court's duty to impose the 120-month sentence, Tejeda's attorney thoughtfully detailed his criminal history and characteristics. His trial attorney spoke about his strong familial relationship, relatively non-serious criminal record, and long history of employment.  He also discussed the likely deportation of his client and reiterated to the court that Tejeda suffered from substance abuse problems.  (*See* February 3, 2006 Sentencing Hearing 9-13.)  Therefore, a review of this record demonstrates that Tejeda's trial attorney's representation did not fall below an objective standard of reasonableness.  Because Tejeda was subject to a statutory minimum mandatory sentence, even if his attorney's conduct fell below an objective standard of reasonableness, the sentence imposed by the court would have been no different.

Similarly, Tejeda is unable to demonstrate that he suffered ineffective assistance of appellate counsel.  Attacks on appellate counsel's representation are analyzed under the same *Strickland* standard, however, an attorney need not raise every possible issue on appeal;  counsel will only be deemed ineffective if he fails to present an issue that is both obvious and clearly stronger than the issues raised. *See Martin v. Evans*, 384 F.3d 848 (7th Cir. 2004).  Tejeda argues that his appellate counsel should have raised arguments challenging the weight and purity of the drugs.  As will be discussed by the court *infra*, these arguments are without merit, and are certainly not obvious or stronger that the issues raise on appeal.  Accordingly, the court finds that Tejeda is unable to demonstrate ineffective

assistance of counsel at the trial or appellate level, and his claims on these grounds are summarily dismissed.

## II. Due Process Claims

Tejeda argues that the government did not prove beyond a reasonable doubt that he was responsible for more than 500 grams of cocaine, and, therefore, the statutory minimum mandatory sentence was inappropriately applied in violation of his constitutional rights. Tejeda acknowledges that the government's evidence showed that he was responsible for possessing with the intent to distribute 877.5 grams of cocaine, but he argues that the drugs were not pure cocaine; rather, they were "ghost" drugs with a weight far below the 500 gram threshold.

Tejeda's argument regarding the drug weight must be rejected. Section 2D1.1 of the United States Sentencing Guidelines states, "unless otherwise specified, the weight of a controlled substance set forth in the [Drug Quantity Table] refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c) n. (A). Moreover, the Supreme Court has held that it was Congress' intent for weights to be assessed in this manner because it "intended the penalties for drug trafficking to be graduated according to the weight of the drugs in whatever form they were found-cut or uncut, pure or impure, ready for wholesale or ready for distribution at the retail level." *Chapman v. United States*, 500 U.S. 453, 461 (1991). The Sentencing Commission later tempered this holding by noting that the mixture or substance definition "does not include materials that must be separated from the controlled substance before the

controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance." U.S.S.G. § 2D1.1, n.1. However, it is clear, in accordance with § 2D.1, that the drug weight in Tejeda's case was appropriately calculated, because even if there were impurities in the drugs as Tejeda argues, there is no requirement that these materials be separated before the controlled substance could be used.

Courts have consistently held that statutory minimum mandatory sentences do not violate a defendant's due process or Sixth Amendment rights, nor the Court's ruling in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). *See, e.g.*, *Chapman*, 500 U.S. at 464-468; *see also United States v. Rodgers*, 245 F.3d 961, 967 (7th Cir. 2001) (noting "*Apprendi's* holding can be understood to impose a limit only on those factual determinations that potentially will increase the statutory *maximum* sentence to which the defendant is subject") (emphasis added). As such, Tejeda is unable to establish that the drug weight attributable to him was improperly assessed, or that the statutory minimum mandatory sentence violated his due process protections.

Accordingly,

**IT IS ORDERED** that Tejeda's petition under 28 U.S.C. § 2255 (Docket # 1) be and the same is hereby summarily **DISMISSED**;

**IT IS FURTHER ORDERED** that Tejeda's motion to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED** as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge